UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN W. GEBO          ]
     Plaintiff,       ]
                      ]
v.                    ]          No. 3:14-0361
                      ]          Judge Campbell
ROBERT F. ARNOLD      ]
     Defendant.       ]

### **M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Robert Arnold, Sheriff of Rutherford County, seeking injunctive relief and damages.

During the evening of October 20, 2013, officers at the Detention Center came to extract the plaintiff from his cell. In the course of the extraction, the plaintiff was allegedly sprayed with mace, handcuffed, and then kicked and punched by the officers for no apparent reason. The plaintiff believes that he was the victim of an excessive use of force. He claims that "Mr. Arnold is at fault as the officers are under his command and therefore his responsibility".

The plaintiff can not sue the defendant solely because of his status as a supervisor or chief executive officer. 42 U.S.C. § 1983

will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by a supervisor in an allegedly wrongful act, the complaint fails to state a cause of action upon which relief can be granted. *See* Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir.1982), *cert. denied*, 460 U.S. 1086 (1983).

In this case, there has been no showing that the defendant had any part, either directly or indirectly, in the beating that allegedly took place during the extraction. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." Gibson v. Matthews, 926 F.2d 532, 535 (6th Cir.1991).

Accordingly, this action is subject to dismissal because the plaintiff has failed to state a claim against the defendant upon which § 1983 relief can be granted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge